DECISION
This matter is before the Court for decision on the above captioned Defendant's Motion to Dismiss, pursuant to Superior Court Rule of Criminal Procedure 9.1, a charge of possession of cocaine with intent to deliver.
On the date in question, January 25, 2008, at approximately 11:00 a.m., narcotics investigators received information from a confidential informant that an individual known as "Carlos" would be delivering cocaine to a residence in Westport, Massachusetts. The informant stated to the police that "Carlos" would "most likely" be operating a 2006 Toyota Corolla bearing Massachusetts registration 12NN66. The informant further explained that the "bulk" of the cocaine would be located in a "magnetic hide [box] within the engine compartment of the vehicle." The investigators were further informed that the likely route of the vehicle would place the vehicle on Stafford Road in Tiverton, Rhode Island, within the hour. At approximately 11:55 a.m., the surveillance teams observed the suspect vehicle and a patrol unit detained it. The operator and the passenger were removed from the vehicle and identified, respectively, as Rafael Ortiz Gonzalez of Nashua, New Hampshire, and the Defendant, Laureem Tejada, the girlfriend of Gonzalez, of Dorchester, Massachusetts. After the vehicle was secure within the Tiverton Police Department, it was inspected by a certified narcotics detection dog, Vader. Vader alerted *Page 2 
his handler to two suspect areas of the target vehicle, the left front quarter and the interior driver's side dashboard vent. All of this information was then presented to this Court, which authorized the execution of a search warrant. The search yielded two black plastic "hide boxes" containing cocaine.
After her arrest, the Defendant admitted ? in a broad statement ? that she knew Gonzalez had been dealing drugs. (See Paragraph 7 of Defendant's Interview).
The pivotal issue, however, is whether or not there is probable cause to support the conclusion that on the day in question, Ms. Tejada was in constructive possession of the cocaine.
The Defendant argues that the drugs were secreted in the car without her knowledge and in the sole dominion of Gonzalez. The State, likening the instant case to the scenario in State v.Mercado, 635 A.2d 260 (R.I. 1993), counters that the amount of cocaine recovered, the Defendant's live-in status as Gonzalez's girlfriend, and the informant's prediction of the route traveled, are facts which combine to support an inference of Defendant's knowledge of the presence of the contraband.
Although it is true that the Defendant stated that she had been aware that her boyfriend was "dealing," there must be evidence, in order to support the within charge, that she had knowledge of the contraband being ferried in the car on January 25, 2008. The car was registered to a Lawrence, Massachusetts corporation with which the Defendant has no affiliation. The car remained in the custody and control of Gonzalez the entire day and the drugs were procured and secreted solely by him in the absence of the Defendant. There were no drugs visible by plain view in the car and suspicion of their presence was based upon an alert by the police dog of two concealed areas. Thus, the factual scenario is distinguishable from that in *Page 3 Mercado because the Defendant there lied to the police about his own identity and the identity of the owner of the car with whom he, as well as the driver, resided.
As the information and exhibits establish no more than the Defendant's "mere presence" at the scene, and a non-criminal association with Gonzalez, the Court is compelled to grant her Motion to Dismiss.